Submitted on record and brief November 23, 1993, affirmed September 14, 1994

In the Matter of the Compensation of
Rhonda Purdy, Claimant.

## WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

Rhonda PURDY,
*Respondent.*

(90-00610; CA A78380)

881 P2d 162

John M. Pitcher filed the brief for petitioner.

Darrell E. Bewley filed a motion for respondent, but did not file a brief.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Employer petitions for review of an order of the Workers' Compensation Board reversing the referee's dismissal of claimant's request for a hearing on a determination order. We affirm.

In 1984, claimant compensably injured her back while working for employer. Her claim was closed in December, 1985. Her claim was reopened when she began receiving treatment for an adjustment and somatization disorder, which was found to be compensably related to her back injury.

In January, 1989, claimant experienced a temporary exacerbation of her back condition. She was examined on July 1, 1989, by Western Medical Consultants, which reported that her back had returned to medically stationary status, but said nothing about her psychological condition. The Department of Insurance and Finance (DIF)[1] reclosed the claim by a determination order issued on August 23, 1989. DIF found claimant to be medically stationary as of July 1, 1989. At the time the determination order issued, the law provided that claimant could request a hearing on a determination order without first seeking reconsideration of that order. ORS 656.268(6) (*since amended by* Or Laws 1990 (Special Session), ch 2, § 16(5)). On January 9, 1990, she did that.

In the meantime, claimant had enrolled in an authorized training program. While she was enrolled in the training, the hearing on the August, 1989, determination order was deferred. During the training, claimant received psychological treatment from a physician, who declared the psychological condition medically stationary in August, 1990. On September 12, 1990, DIF reclosed her claim by a determination order, reaffirming that claimant was medically stationary on July 1, 1989.

By the time of the September, 1990, determination order, the legislature had amended the workers' compensation statutes. Among those amendments is a provision that

---

[1] The department has since been renamed the Department of Consumer and Business Services. ORS 656.005(9).

now requires a claimant to seek reconsideration of a determination order before requesting a hearing on that order. ORS 656.268(5). That new provision, however, applies only to "claims which become medically stationary after July 1, 1990." Or Laws 1990 (Special Session), ch 2, § 54(3). Because both the August, 1989, and the September, 1990, determination orders concluded that claimant became medically stationary before July 1, 1990, claimant did not seek reconsideration, and instead requested a hearing.

The referee found that the determination orders were incorrect, and that claimant's claim had been prematurely closed. According to the referee, claimant did not become medically stationary until August 9, 1990. However, the referee concluded that, because claimant became medically stationary after July 1, 1990, the amendments to the workers' compensation statutes applied, which require her to seek reconsideration from DIF before requesting a hearing before the referee. Because the time for seeking reconsideration had since expired, the referee concluded that the Hearings Division lacked jurisdiction to proceed further, and he dismissed the request for a hearing.

The Board reversed. Although it agreed with the referee's finding that claimant became medically stationary after July 1, 1990, it concluded that the new law did not apply and that claimant did not have to seek reconsideration of the September, 1990, determination order. According to the Board, when the statute refers to "claims which become medically stationary after July 1, 1990," it

"refers to claims initially determined to be medically stationary after that date upon closure, so that the application of the 1990 amendments * * * is controlled by the medically stationary date contained in the Determination Order or Notice of Closure."

We express no opinion on the Board's construction of "claims which become medically stationary after July 1, 1990," because we conclude that that language does not apply to this case. The Board and employer failed to appreciate the significance of the fact that claimant enrolled in an authorized training program. That event triggers an entirely separate review process from what is described in ORS 656.268(5), which was unaffected by the 1990 amendments

to the workers' compensation statutes. Whether claimant became medically stationary before or after July 1, 1990, therefore, is irrelevant.

ORS 656.268(8) and (9) provide:

> "(8)  If, after the determination made or notice of closure issued pursuant to this section, the worker becomes enrolled and actively engaged in training according to rules adopted pursuant to ORS 656.340 and 656.726, any permanent disability payments due under the determination or closure shall be suspended, and the worker shall receive temporary disability compensation while the worker is enrolled and actively engaged in the training. When the worker ceases to be enrolled and actively engaged in the training, [DIF] shall reconsider the claim pursuant to this section unless the worker's condition is not medically stationary. If the worker has returned to work, the insurer or self-insured employer may reevaluate and close the claim without the issuance of a determination order by [DIF].

> "(9)  [DIF] shall mail a copy of the determination to all interested parties. Any such party may request a hearing under ORS 656.283 on the determination within 180 days after copies of the determination are mailed."

DIF reconsidered her claim at that time under ORS 656.268(8), and closed that claim by its September, 1990, determination order. Under ORS 656.268(9), claimant may request a hearing on that order. Claimant did that. Her claim, therefore, was properly before the Hearings Division, and the Board did not err in holding that it had jurisdiction to review the referee's order.

Employer does not otherwise challenge the Board's order.

Affirmed.